UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTINE LEE M.[1]<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security Administration,[2]<br><br>    Defendant. | Case No. 2:22-cv-00012-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint with the Court seeking judicial review of the Commissioner's denial of her application for supplemental security income.[3] (Dkt. 1.) The matter is fully briefed and at issue. (Dkt. 15, 16, 17.) Having carefully reviewed the parties' memoranda and the entire administrative record (AR), the Court will affirm the decision of the Commissioner for the reasons set forth below.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

[3] As of December 1, 2022, the Federal Rules of Civil Procedure were amended to include Supplemental Rules for Social Security Review Actions under 42 U.S.C. § 405(g). As such, the Court adopts the terms "Complaint," "Plaintiff," and "Defendant," in lieu of the former terminology (i.e., "Petition," "Petitioner," and "Respondent").

**MEMORANDUM DECISION AND ORDER - 1**

**BACKGROUND**

On December 14, 2017, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, and on December 21, 2017, she filed a Title XVI application for supplemental security income. (AR 21.) In both applications, she claimed disability beginning November 1, 2016.

The applications were denied initially and on reconsideration, and a telephonic hearing was conducted on September 18, 2020, before Administrative Law Judge (ALJ) Donna Walker. The ALJ heard testimony from Ricardo Buitrago, Psy.D., an impartial psychological medical expert. (AR 21.) Dr. Buitrago's testimony "did not support a finding of disabled." (AR 44.)[4] Following the testimony of Dr. Buitrago, Plaintiff did not testify. (AR 45.) In addition, Plaintiff, through counsel, moved to dismiss the request for a hearing regarding Plaintiff's application for benefits under Title II, and she amended the alleged onset date of disability to June 29, 2018. (AR 21, 45.) Giving Plaintiff the benefit of the doubt, the ALJ ordered a consultative psychological examination, which was conducted by Dr. Gerald Gardner on December 1, 2020. (AR 44 – 45, 21.)

On February 18, 2021, Plaintiff attended a supplemental telephone hearing, at which the ALJ heard testimony from an impartial vocational expert, and from Plaintiff. (AR 21.) Plaintiff was represented by counsel at this hearing as well. (AR 56.)

---

[4] Plaintiff's counsel stated on the record that he did "not disagree with Dr. Buitrago's reading of this record…." (AR 73.)

**MEMORANDUM DECISION AND ORDER - 2**

The ALJ issued a written decision on March 11, 2021, finding Plaintiff had not been under a disability since from June 29, 2018, the amended onset date, through the date of the decision. (AR 135.) Plaintiff timely requested review by the Appeals Council, which denied her request for review on November 19, 2021. (AR 1 – 7.) Plaintiff timely appealed this final decision to the Court on January 11, 2022. (Dkt. 1.) The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Plaintiff's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by

**MEMORANDUM DECISION AND ORDER - 3**

substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

The following issues are raised on appeal:

1. Whether the ALJ erred because she failed to mention or discuss Dr. Gardner's opinion that Plaintiff "appears unable to manage funds reliably."

2. Whether the ALJ erred because she relied upon medical opinions rendered prior to the examination and findings made by Dr. Gardner.

No other issues are raised by Plaintiff on appeal.

**A.     The ALJ's Analysis**

When evaluating the evidence presented at an administrative hearing, the ALJ must follow a five-step sequential process in determining whether a person is disabled, or continues to be disabled, within the meaning of the Social Security Act. 20 C.F.R. §

**MEMORANDUM DECISION AND ORDER - 4**

404.1520, 404.1594, 416.920, 416.994.[5] At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended onset date of June 29, 2018. (AR 24.) At step two, the ALJ found Plaintiff had the following medically determinable, severe impairments: "major depressive disorder; bipolar disorder; anxiety; personality disorder; ADHD; PTSD; degenerative joint disease, bilateral knees; allergies; [and] obesity." (AR 25.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments which met or were medically equal to any listed impairments. (AR 25.)

At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except for the following non-physical limitations:[6]

> Regarding mental abilities, the claimant has the ability to understand, remember or apply information that is simple and routine, commensurate with SVP2. Regarding interaction

---

[5] *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013), sets forth the five-step review process as follows: "The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id.* § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id.* If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id.* § 416.920(a)(4)(iv)-(v)."

[6] The ALJ also found Plaintiff had postural and environmental limitations, which the Court has not listed here because Plaintiff's challenge is limited to the medical opinions related to her mental limitations.

**MEMORANDUM DECISION AND ORDER - 5**

> with others, the claimant would work best in an environment in proximity to, but not close cooperation, with co-workers and supervisors, and must work away from the public. With legally required breaks (i.e., 2 hour increments), the claimant has the ability to concentrate, persist and maintain pace. Regarding the ability to adapt or manage; the claimant would work best in an environment that is routine and predictable, but does have the ability to respond appropriately, distinguish between acceptable and unacceptable work performance; or be aware of normal hazards and take appropriate precautions.

(AR 27.) Relying upon testimony from a vocational expert, the ALJ assessed that Plaintiff was unable to perform her past relevant work as a home attendant, industrial cleaner, or cashier. (AR 33.)

The ALJ therefore proceeded to step five. The ALJ noted Plaintiff was forty-five years of age on the alleged disability onset date, and she had at least a high school education. (AR 33.) Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (AR 34.) Relying upon the testimony of the VE, the ALJ concluded Plaintiff retained the RFC to perform the requirements of the following representative occupations: Electrical accessory assembler; Marker; and Assembler, small parts. (AR 34.) Accordingly, the ALJ concluded that Plaintiff was not disabled from June 29, 2018, through the date of the decision, March 11, 2021. (AR 35.)

### B.    Inability to Manage Funds

Plaintiff contends the ALJ erred because she failed to address, discuss, or mention Dr. Gardner's finding that Plaintiff "appears unable to manage funds reliably." Plaintiff

insists that the ALJ's failure in this regard cannot be overlooked because an inability to manage funds is inconsistent with an ability to be a reliable employee. Pl.'s Brief at 5.

Plaintiff's vague and general argument, without applicable supporting authority, is not well taken. Defendant correctly notes that Plaintiff's ability to handle funds is not properly part of an RFC assessment, but is noted for administrative purposes in determining whether a social security claimant requires a representative to manage benefits. *See* 20 C.F.R. § 416.945(a)(4), (b), (c). *See also Sanders v. Astrue*, No. 11-CV-04428-LHK, 2013 WL 1334238 at *21 n.19 (N.D. Cal. March 28, 2023); *Keo v. Comm'r of Soc. Sec.*, No. CIV S-09-2019-CMK, 2010 WL 4905283 at *7 (E.D. Cal. Nov. 24, 2010). The provisions of the Program Operations Manual System (POMS) Plaintiff cites are not to the contrary. POMS GN 00502.020 explains that a mental impairment that inhibits a claimant from managing funds relates to "management of benefits," not work-related activities. Plaintiff has not directed the Court to authority stating otherwise. Pl.'s Brief at 5.

Nor does Plaintiff articulate any connection between Plaintiff's inability to manage funds and specific, work-related tasks. Dr. Gardner documented that Plaintiff reported her husband manages their household funds, because she is prone to spending sprees. (AR 1130.) He opined that Plaintiff "appears unable to manage funds reliably." (AR 1133.) Nonetheless, Dr. Gardner opined that Plaintiff appeared able to understand and remember simple instructions and procedures; capable of task-related social

**MEMORANDUM DECISION AND ORDER - 7**

interactions when her mood symptoms were not prominent; and able to make simple changes in a work setting. (AR 1133.)

The ALJ weighed Dr. Gardner's opinions at steps three and four when assessing Plaintiff's limitations in her ability to perform simple, routine tasks; interact with others; concentrate, persist, and maintain pace; and adapt or manage herself. (AR 26, 27, 31, 32.) Plaintiff does not challenge these opinions or findings.

Plaintiff does not articulate any connection between Plaintiff's inability to manage her own funds and the ALJ's assessment that Plaintiff could, despite her psychological limitations, perform the requirements of representative occupations such as assembler or marker. (AR 34.) None of these occupations appear to require handling money. Nor did Dr. Gardner articulate any opinion as to additional limitations flowing from an inability to manage funds. Plaintiff's attempt to infer or extrapolate from Dr. Gardner's finding in this regard therefore amounts to "nothing more than rank speculation" that does not serve as a basis to remand this action. *Donna R. v. Kijakazi*, No. 1:20-cv-15449, 2022 WL 13009149 at *13 (D. N.J. Oct. 21, 2022.)

C.  **Medical Opinions**

Plaintiff claims that the ALJ erred because, in formulating the RFC, she relied on medical opinions that pre-date the findings made by Dr. Gardner. Plaintiff insists that "none of the cited opinions and/or records, including the testimony of Dr. Buitrago used to support the ALJ's findings, had an opportunity to review and consider the findings of

**MEMORANDUM DECISION AND ORDER - 8**

Dr. Gardner. This is especially important in light of the fact that Dr. Gardner found that [Plaintiff] was unable to manage her own funds….” Pl.'s Brief at 6.

Plaintiff's argument presents a logical fallacy. If accepted, an ALJ could never rely upon medical opinions that pre-dated a later opinion. Plaintiff's premise would preclude the ALJ from relying upon the state agency physicians' opinions, rendered upon initial review and upon reconsideration, if an ALJ later decided to obtain a consultative examination, as was done here, or employ a medical expert to provide testimony during the hearing. Yet, an ALJ is instructed to consider all the medical opinions in the record and evaluate each medical opinion's persuasiveness using various factors. 20 C.F.R. § 404.1520c(a). An ALJ may not dismiss any medical opinion without providing a thorough, detailed explanation for doing so. *Regenmitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999); *Caitlin A. v. Kijakazi*, No. 2:22-cv-00003-CWD 2023 WL 2599212 at *3 (D. Idaho March 22, 2023).

Here, the ALJ reconciled all the medical opinions contained within the record. She evaluated the persuasiveness of the state agency medical consultants' opinions; Dr. Buitrago's opinions expressed during the first hearing; and Dr. Gardner's opinions. (AR 30 – 31.) The ALJ found Dr. Buitrago's and Dr. Gardner's opinions persuasive, and considered them generally consistent with each other. She noted Dr. Buitrago and Dr. Gardner both opined Plaintiff could understand simple instructions and engage in simple, tasks; she could engage in occasional contact with others; and, that she retained the

**MEMORANDUM DECISION AND ORDER - 9**

ability to maintain attention and concentration. (AR 31.) Plaintiff did not challenge the ALJ's findings in this regard.

Plaintiff's argument attempts also to bootstrap her claim concerning Dr. Gardner's opinion regarding Plaintiff's inability to manage funds, with the ALJ's evaluation of medical opinions rendered prior to Dr. Gardner's opinions. However, as explained above, the Court finds that argument unavailing. Thus, it cannot serve as a basis to discredit the ALJ's evaluation of medical opinions rendered prior to Dr. Gardner's opinions.

## CONCLUSION

For the above reasons, the Court finds the ALJ's decision was without error. Accordingly, the ALJ's decision will be affirmed.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED that:**

1) The decision of the Commissioner of Social Security is **AFFIRMED**; and
2) Judgment will be ENTERED consistent with the above in favor of Defendant.

DATED: May 24, 2023

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 11**